UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| TREMAR HARRIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 2:24-CV-56-LGW-BWC |
| | : | |
| DAYDAN BRANNON, et al | : | |
| | : | |
| Defendants. | : | |

**BRIEF IN RESPONSE TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

On January 29, 2022, Plaintiff was a pre-trial detainee in the Appling County jail. As seen below, Corrections Officer William Rentz (hereinafter "Officer Rentz") wrapped a chain around Plaintiff Tremar Harris's neck and pulled it tight for several seconds. Plaintiff was fully restrained at the time.



Defendant Corrections Officers Daydan Brannon, Cannon Mcleod, and Ansley Fennell (hereinafter ("Defendants") were all within arm's length of Officer Rentz. The Defendants simply stood by an observed Officer Rentz's unlawful, sadistic, and felonious conduct as though they were attentively judging a talent show.

Plaintiff urges the Court to recognize the truly egregious nature of these undisputed facts and deny the Defendant' Partial Motion for Summary Judgment.

## ARGUMENT AND CITATION TO AUTHORITY

Applying the statutory and judicial standards to the facts of this case, a genuine issue exists to be tried as it relates to the Defendants' liability on Plaintiff's Fourteenth Amendment claim and Plaintiff's State Law claim.

I. Motion for Summary Judgment Standard.

A factual dispute is genuine if the evidence would allow a reasonable jury to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (citing Anderson, 477 U.S. at 248)). The moving party bears the initial burden of showing the Court, by reference to materials in the record, that there is no genuine dispute as to any material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party's burden is discharged merely by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support [an essential element of] the non-moving party's case." Celotex Corp., 477 U.S. at 325. In determining whether the moving party has met this burden, the district court must view the evidence and all factual inferences in the light most favorable to the party

opposing the motion. Johnson v. Clifton, 74 F.3d 1087, 1090 (11th Cir. 1996) (citing Augusta Iron and Steel Works, Inc. v. Emp'rs Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)). All reasonable doubts, however, are resolved in favor of the non-movant.

II. The Defendants were in a position to stop Officer Rentz from strangling the Plaintiff but failed to do so.

An officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance. Crenshaw v. Lister, 556 F.3d 1283, 1293-94 (11th Cir. 2009). However, "it must also be true that the non-intervening officer was in a position to intervene yet failed to do so. Id. The video in this matter is undisputed. The video shows Officer Rentz choking the Plaintiff with leg restraints. Further, the video shows the Defendants closely observing Officer Rentz as he choked the Plaintiff for four seconds. The video clearly shows that the Defendants were in arm's length of Officer Rentz as Officer Rentz choked the Plaintiff. The Defendants had an opportunity to stop Officer Rentz and save the Plaintiff from Officer Rentz assault. Upon review of the video, this Court will find that all three Defendants were in perfect position to stop Officer Rentz within the four seconds Officer Rentz was choking the Plaintiff. Instead, the Defendants chose to commit felonious acts by violate their oaths of office by not reporting Officer Rentz oppose to saving the Plaintiff from being strangled. Now these same Defendants want leniency from this honorable Court and to save them from civil prosecution on the grounds that they had no time to react and stop Officer Rentz from choking the Plaintiff with restraints. However, the video highly contradicts their arguments. This Court should these Defendants' summary judgment in its entirety.

Respectfully submitted this 15th day of July 2024.

                                               /s/ *Harry M. Daniels*
                                               Harry M. Daniels, Esq.
                                               Georgia State Bar No. 234158
                                               Pro Hac Vice

LAW OFFICES OF HARRY M. DANIELS, LLC
4751 Best Road, Suite 490
Atlanta, Georgia 30337
Telephone: (678) 664-8529
Facsimile: (800) 867-5248
daniels@harrymdaniels.com

                                               /s/ *M. Waite Thomas*
                                               M. Waite Thomas, Esq.
                                               Georgia State Bar No. 617667
                                               Attorney for Plaintiff

TAYLOR ODACHOWSKI SCHMIDT
& CROSSLAND, LLC
300 Oak Street, Suite 200
St. Simons Island, Georgia 31522
Telephone: (912) 634-0955
Facsimile: (912) 638-9739
wthomas@tosclaw.com

## CERTIFICATE OF SERVICE

This hereby certifies that on this day, I electronically filed the Plaintiff's Amended Complaint with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

/s/ <u>Harry M. Daniels</u>  
Harry M. Daniels, Esq.  
Georgia State Bar No. 234158  
Pro Hac Vice

LAW OFFICES OF HARRY M. DANIELS, LLC  
4751 Best Road, Suite 490  
Atlanta, Georgia 30337  
Telephone: (678) 664-8529  
Facsimile: (800) 867-5248  
daniels@harrymdaniels.com